UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60760-STRAUSS

**ERIC AIDA,**

    Plaintiff,

v.

**ROSE MARIE MICELUS**, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice**.

On April 18, 2025, Plaintiff filed his Complaint [DE 1] in this action as well as an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") [DE 3]. Plaintiff's Complaint is handwritten, though it contains a typewritten page at the end, which Plaintiff labels as a motion for summary judgment. The handwritten portions of Plaintiff's Complaint are partially illegible, and Plaintiff's Complaint is somewhat incomprehensible.

At any rate, aside from listing amounts Plaintiff indicates he seeks to recover, the Complaint appears to allege the following: Plaintiff's "tenant applied for rental assistance during Covid"; the tenant's "hours were cut"; the tenant "asked if [Plaintiff] would apply for assistance [illegible words] me picking up"; "it was denied"; and "see evidence." [DE 1] at 4. Additionally,

Plaintiff's Complaint indicates that the basis for jurisdiction is a federal question. *Id.* at 3. However, in the section of the Complaint that directs Plaintiff to list the specific federal statutes, federal treaties, and or provisions of the United States Constitution that are at issue in this case, Plaintiff merely states "Eminent Domain" without identifying any statute, treaty, or provision of the Constitution. *Id.* In the typewritten page attached to the Complaint, Plaintiff states that his "constitutional rights were violated due to DCF mishandling of tenant erap application after being approved" and that the governor's "state of emergency moratorium essentially [took] control [of] plaintiff's property [and] prevented plaintiff from evicting a non-paying tenant," which Plaintiff asserts is "a clear violation under eminent domain as plaintiff was clearly not compensated." [DE 1-2].

Because Plaintiff sought leave to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) applied to Plaintiff's Complaint. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because of the issues with Plaintiff's Complaint – including illegible handwriting, incomprehensible allegations, and the failure to allege enough facts to plausibly state a claim – I entered an Order [DE 5], on April 23, 2025, requiring Plaintiff to file an amended complaint by May 7, 2025. The Order directed Plaintiff to "ensure that his amended complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure" and provided a brief synopsis of the rules' requirements.

In addition to providing Plaintiff an opportunity to file an amended complaint, the April 23, 2025 Order [DE 5] denied Plaintiff's IFP Motion without prejudice. The Order noted that Plaintiff's IFP Motion was partially illegible and that it appeared to contain incomplete information

based on information Plaintiff disclosed under oath in his recent bankruptcy case (Bankr. Case No. 24-17659-PDR). The Order permitted Plaintiff to file a renewed IFP Motion with his amended complaint, which he was required to file by May 7, 2025. Importantly, the Order warned Plaintiff that the failure to file an amended complaint by May 7, 2025 may result in dismissal of this action without further notice. The Order similarly warned Plaintiff that the failure to file a renewed IFP motion (or alternatively pay the filing fee) may result in dismissal without further notice.

Notwithstanding the Order's clear warnings to Plaintiff, Plaintiff has not filed an amended complaint or a renewed IFP motion (or alternatively paid the filing fee). Therefore, the Court should dismiss this action without prejudice for failure to prosecute and due to Plaintiff's failure to comply with the Court's April 23, 2025 Order. *See, e.g.*, *Taylor v. Exec. Dir. at Fla. Dep't of Highway Safety & Motor Vehicles*, No. 22-10384, 2023 WL 5664169, at *2 (11th Cir. Sept. 1, 2023) ("The court's power to dismiss a cause is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. The district court has the authority to dismiss an action *sua sponte* for failure to obey a court order or for lack of prosecution. Generally speaking, a dismissal made *without* prejudice constitutes no abuse of discretion because the affected party may refile his civil action." (internal citations and quotation marks omitted)).

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[1]

---

[1] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen

Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of May 2025.

Jared M. Strauss
United States Magistrate Judge

---

(14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.